IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| vs. | § § | NO. 1:21-CR-149-RCL |
| CHANCE UPTMORE(1) | § § | |

## SENTENCING MEMORANDUM

**TO THE HONORABLE ROYCE C. LAMBERTH, SENIOR UNITED STATES DISTRICT JUDGE FOR THE DISTRICT OF COLUMBIA:**

NOW COMES CHANCE UPTMORE, Defendant in the above cause, through his undersigned Counsel, John A. Convery, and respectfully files this Sentencing Memorandum pursuant to Title 18 United States Code § 3553[1] and for good cause would respectfully show this Honorable Court as follows:

Chance Uptmore requests a sentence of probation. Should the Court not be inclined to grant probation, Mr. Uptmore respectfully requests that in the alternative he be sentenced to home incarceration. Given the Plea Agreement, the 18 U.S.C. § 3553(a) factors outlined in this Memorandum, the Defendant's total compliance while on pretrial release, and his compliance while on probation with conditions in SA-21-CR-0052(1)FB this request is reasonable. (*See* Attachment 1, Judgment with Conditions)

---

[1] 18 U.S.C. § 3553 contains factors that warrant a sentence outside the advisory guideline range. The Sentencing Reform Act gives the sentencing court the discretion to depart from the sentencing range in certain circumstances. *United States v. Williams,* 503 U.S. 193, 195-96. Sentencing Courts, "while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." *United States v. Booker,* 543 U.S. 220 (2005). Courts of appeals will look to the sentencing under a standard of reasonableness. *Id.* at 264.

1

### I. Mr. Uptmore's Acceptance of Responsibility

Defendant Chance Uptmore has taken full responsibility for his actions during the riot at the U.S. Capitol on January 6, 2021. Chance Uptmore cooperated with law enforcement by participating in a lengthy interview during the execution of a search warrant at his home, and on another occasion at the FBI offices, during which he discussed the events that took place and his participation in the same. He further allowed law enforcement agents to review his social media accounts. Chance Uptmore self-surrendered at the FBI San Antonio Office on January 26, 2021. He was released with conditions shortly thereafter.

Mr. Uptmore pleaded guilty before this Court on March 31, 2022, to Count 4 of the Superseding Information that charged the offense of Parading, Demonstrating, or Picketing in a Capitol Building in violation of Title 40 U.S.C. § 5104(e)(2)(G) and a written plea agreement was filed that same date (Dkt. No. 48). He has remained on bond without issue since his release over a year and half ago.

### II. Sentencing Guidelines

Mr. Uptmore agrees with the Probation Officer that pursuant to USSG § 1B1.9, the US Sentencing Guidelines do not apply to this misdemeanor Count. Moreover, the Supreme Court has clarified that the federal sentencing guidelines are now advisory only. *See United States v. Booker,* 125 S. Ct. 738 (2005).

### III. Requested Sentence

Chance Uptmore respectfully requests that this Court sentence him to probation. In the alternative, he requests that he be sentenced to home incarceration. As the Court will see below, there are a number of very important 18 U.S.C. § 3553(a) factors that warrant a probation sentence.

## IV. Sentencing Factors to Consider

18 U.S.C. 3553 (a)(2) mandates that a sentence (1) "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;" (2) "afford adequate deterrence to criminal conduct;" (3)"protect the public from further crimes of the defendant;" and (4) "provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." *See* 18 U.S.C. § 3553. When considering the totality of the circumstances surrounding Mr. Uptmore's case, a sentence of probation is the appropriate punishment.

18 U.S.C. § 3553 (a)(1) directs this Court to consider the "nature and circumstances of the offense and the history and characteristics of the defendant." *See id.* The defense offers the following factors with support in the PSR, relevant under 18 U.S.C. 3553(a):

- defendant's age
- lack of criminal history
- family tragedies and grief
- family responsibilities
- employment history and status

**A.     The Characteristics of Defendant Chance Uptmore.**

Defendant Chance Uptmore is now 25 years old. He was 24 on the date in question. He was born in San Antonio, Texas to his parents, James and Tracy Uptmore, on January 6, 1997. He has four siblings, David Uptmore (30), Cameron Uptmore (28), Shelton Uptmore who passed away in 2007 from an automobile accident, and JJ Uptmore who passed away from a drug overdose in 2014. Chance Uptmore found his brother, JJ in his apartment unresponsive, called 911 and attempted to perform life saving measures. His brother was pronounced dead at the scene. The death of his brother has had a significant impact on Mr. Uptmore and his family, he has had a difficult time grieving and dealing with this.

Chance has resided in San Antonio for most of his life. He lived in Bryan, Texas for a short period of time to attend college but left and moved back home after the death of his brother. He has been employed with his father's powder coating company since 2015 and is currently the quality control and acquisitions manager.

In September 2021 Chance Uptmore married Alexandra Bartrug. Alexandra is a medical technician and Airman in the United States Airforce. Chance and Alexandra are expecting their first child in December of this year.  Chance and Alexandra are happy and excited to welcome their first child.

**B.     Mr. Uptmore's Willingness to Change his Behavior.**

As mentioned above, Defendant has been cooperative with law enforcement since his arrest and has remained compliant with all conditions of release for the past year and a half. He is truly remorseful for his actions in this case on January 6, 2021, as evidenced by the statement made for his PSR interview, his statement made to the Court in his sentencing hearing in SA-21-CR-0052, and his good conduct since his arrest. After Mr. Uptmore's release he participated in an outpatient substance abuse program at Lifetime Recovery, which was successfully completed on June 23, 2021. His counselor Dr. Hanson has provided a letter to the Court for consideration.

**C.     Letters from Mr. Uptmore's close family and friends** (*See* Attachment 2).

1. Dr. Donald W. Hanson, LCSW, STD – Counselor;
2. James Uptmore – Father;
3. Alexandra Uptmore – Wife;
4. David Uptmore – Brother;
5. Cameron Uptmore – Sister;
6. Jack Uptmore – Uncle

### V. BOP Designation

Mr. Uptmore is a life-long resident of Texas and his friends and family reside in San Antonio, Texas. For that reason, he requests that this Court recommend that if sentenced to incarceration he be permitted to self-surrender and designated to serve any imprisonment in a facility near San Antonio, Texas (FCI Bastrop Camp or GEO Karnes Facility).

### VII. Conclusion and Prayer

Mr. Uptmore readily acknowledges and accepts that he must be punished for his actions in this case but asks the Court to remember that he is defined by much more than the instant offense. As outlined in this Memorandum, Mr. Uptmore takes full responsibility for his actions and is capable of remaining a productive member of society as he has during his time before this offense and while on bond.

**WHEREFORE, PREMISES CONSIDERED,** Defendant Chance Uptmore respectfully prays that you take into consideration this Sentencing Memorandum and impose a sentence of probation, or in the alternative, a sentence of home incarceration and for other such relief that this Honorable Court deems just and right.

Respectfully Submitted,

John A. Convery
State Bar No. 04715100
Hasdorff & Convery, P.C.
One International Center
100 N.E. Loop 410, Suite 650
San Antonio, Texas 78216
Tel: (210) 738-9060
Fax: (210) 738-9426

BY: */s/ John A. Convery*
         John A. Convery

ATTORNEY FOR DEFENDANT,
Chance Uptmore

**CERTIFICATE OF SERVICE**

I certify that a true and exact copy of the above and foregoing document was electronically sent *via* CM/ECF to Mona Furst, Assistant United States Attorney, on October 27, 2022.

*/s/ John A. Convery.*
John A. Convery